IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES R. PAULUS,

                Plaintiff,

      v.

ISOLA USA CORP. RETIREMENT PLAN,

                Defendant.

OPINION AND ORDER

13-cv-212-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case brought under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), plaintiff James Paulus contends that defendant Isola USA Corporation Retirement Plan underpaid him when it failed to account for 2.15 years of credited service and two bonuses in calculating his retirement benefit.  Two matters are before the court:  (1) plaintiff's motion for a trial on the administrative record under Fed. R. Civ. P. 52(a) and alternative motion for summary judgment under Rule 56(a), dkt. #14; and (2) defendant's unopposed motion for leave to file a sur-reply brief, dkt. #28.

Plaintiff explains that although district courts traditionally have reviewed ERISA benefits claims on motions for summary judgment under Rule 56, the Court of Appeals for the Seventh Circuit has suggested that Rule 52(a) is the applicable standard of review in an ERISA case where the parties have stipulated to facts that made up the administrative record and the "procedure . . . [is] more akin to a bench trial than to a summary judgment ruling." Hess v. Hartford Life & Accident Insurance Co., 274 F.3d 456, 461 (7th Cir. 2001).  See

also Crespo v. Unum Life Insurance Co. of America, 294 F. Supp. 2d 980, 991 (N.D. Ill. 2003) (discussing "problem of reviewing ERISA benefit claims on cross-motions for summary judgment" and strongly suggesting "parties consider proceeding by means of a trial on the papers under" Rule 52(a)); Lehman v. Unum Life Insurance Co. of America, 2006 WL 2792852 (E.D. Wis. Sept. 26, 2006) (relying on Hess to proceed under Rule 52(a) on ERISA claim).  Because defendant has not opposed the application of Rule 52(a) and it seems appropriate to employ it in this case, I will grant plaintiff's request and decide the case on the administrative record before the court.

Defendant contends that plaintiff's claim is barred by the statute of limitations because plaintiff waited at least 10 years to challenge his benefit calculations after receiving a detailed calculation of his monthly benefit amount.  Plaintiff contends that defendant waived this argument by not raising it during the administrative process and maintains that defendant did not have a reasonable basis for refusing to increase his pension benefit.  I find that defendant has not waived its limitations defense and conclude that plaintiff had unequivocal notice of his benefit calculation no later than 2001.  As a result, I find that plaintiff's claim is barred by the applicable six-year statute of limitations.

The following facts are drawn from the administrative record (AR) compiled by defendant in the administration of plaintiff's claim.  Dkt. #14, Exhs. 1 and 2; dkt. #22.

RECORD FACTS

A. <u>Background</u>

Plaintiff is a participant in defendant Isola USA Corp. Retirement Plan (the Plan), an employee pension benefit plan subject to ERISA.  Isola funds and administers the Plan, which grants Isola the discretion to determine eligibility and construe plan terms.  Although plaintiff never worked for Isola, he became eligible for benefits under the Plan because he had worked for one of Isola's corporate predecessors.

Plaintiff was employed by the Norplex Division of Universal Oil Products, Inc. (UOP) from October 4, 1971 to January 1, 1984.  When Signal Companies, Inc. bought the Norplex Division on January 1, 1984, plaintiff became an employee of the Norplex Division of Signal from January 1, 1984, to February 21, 1986.  Plaintiff participated in both the UOP and Signal employee pension benefit plans until he left the Norplex Division of Signal on February 21, 1986.

From May 10, 1987 to August 16, 1992,  plaintiff worked for Fortin Industries, a Division of Westinghouse Electric Corporation.  During that period, Signal merged with Allied Corporation, creating AlliedSignal, Inc.  On August 16, 1992, AlliedSignal acquired the Westinghouse division where plaintiff was working, and plaintiff became an AlliedSignal employee on that day.  AlliedSignal awarded plaintiff an "Incentive Compensation" bonus in the amount of $16,300 on February 28, 1995, and a "Tech Award" bonus in the amount of $300 on July 14, 1996 for obtaining a patent for the company.  Plaintiff left AlliedSignal on January 22, 1999.

When Isola or one of its affiliates later purchased the AlliedSignal division for which plaintiff had worked, Isola agreed to be responsible for participants of the AlliedSignal retirement program.  The Plan provides that the AlliedSignal retirement program will determine plaintiff's retirement benefits:

> Any Prior Plan Participant for whom assets and liabilities have been transferred to the Plan, who does not have an Hour of Service under the Plan on or after September 3, 1999, shall have his benefits determined in accordance with the terms of the Prior Plan as in effect on the date for which he was last credited with an Hour of Service.  Notwithstanding any other provision of the Plan to the contrary, a Prior Plan Participant's vested interest in his Accrued Benefit under the Plan on and after January 1, 2000 shall be not less than his vested interest in his Accrued Benefit as of December 31, 1999 under the terms of such Prior Plan.

AR 69.

## B.  Plaintiff's Retirement Benefit Calculation

Sometime between 1999 and 2001, after plaintiff left AlliedSignal, he received a copy of a workbook that the AlliedSignal retirement program used to calculate his pension benefit. The workbook is titled "The Allied-Signal, Inc. Retirement Program Summary of Your Retirement Benefits" and the top and bottom of the first page is stamped "ESTIMATE ONLY." AR 187.  Also on the first page of the workbook, under the heading of "Type of Calculation," the line marked "final" is checked and the line marked "estimate" is blank.

The AlliedSignal retirement program defines "credited service" as "service earned while you are eligible to participate in the plan." AR 34.  Plaintiff was eligible to participate in the Plan from October 4, 1971 to January 1, 1984 (the UOP years), from January 1, 1984

4

to February 21, 1986 (the Signal years) and again from August 16, 1992 to January 22, 1999 (the AlliedSignal years).  The Signal years amounted to 2.15 years of credited service. In the workbook, AlliedSignal accounted for plaintiff's credited service prior to December 31, 1983.  It also accounted for his years with AlliedSignal by subtracting his date of hire (August 16, 1992) from his date of termination (January 22, 1999).

The workbook provided "[t]he following calculation of Credited Service assumes the Participant had uninterrupted service under the Plan after December 31, 1983.  If this is not true, adjust lines (A4) and (A8) for Participant's break in service."  AR 190.  Although plaintiff had a break in service from February 21, 1986 to August 16, 1992, AlliedSignal did not adjust lines (A4) and (A8) to account for the interrupted service.  The workbook also did not list plaintiff as having any bonuses in 1995 or 1996.  AR 188.  In identifying plaintiff's service after December 31, 1983, the workbook lists plaintiff's date of hire as August 16, 1992, his date of termination as January 22, 1999 and his "normal retirement date" as September 1, 2011.  AR 190.  AlliedSignal calculated plaintiff's monthly benefit at $1,774.49, and defendant relied on that calculation when it started paying retirement benefits to plaintiff approximately 10 years later.

### C.  Plaintiff's Challenges to Benefit Amount

Plaintiff became eligible for retirement under the Plan on or about September 1, 2011 and has disputed his pension calculation since that time.  Defendant initially determined that plaintiff's monthly benefit amount was $610.60.  Plaintiff objected, explaining that

defendant used an incorrect commencement date, missed his 2.15 years of credited service with Signal and did not account for the bonuses that he received in 1995 and 1996. On February 16, 2012, Lori Peterson agreed on behalf of defendant to correct the commencement date but not the years of credited service or bonus payments. Defendant began paying plaintiff monthly retirement benefits in June 2012 in the amount of $1,776.49 and paid plaintiff back benefits in the amount of $15,988.41 from his retirement date of September 1, 2011.

Plaintiff retained an attorney, who communicated with Peterson in an attempt to get defendant to correct plaintiff's monthly benefit. Peterson denied the requests, explaining in part that the evidence that plaintiff provided of his bonuses and additional years of service did not match the data that the Plan had obtained from its most recent predecessor, Honeywell International, Inc. On November 28, 2012, plaintiff's attorney sent a timely formal written appeal to defendant regarding his retirement benefit determination. After subsequent communications with Honeywell, defendant denied plaintiff's appeal in writing on March 6, 2013, stating:

> This letter is in response to your letter dated November 28, 2012 regarding Mr. Paulus' written appeal. We have completed our review of Mr. Paulus' appeal and we have determined that we are unable to change the benefit payable to Mr. Paulus from the Isola USA Corp. Retirement Plan (the "Plan"). As you may know, the company, which is now Isola USA Corp. (the "Company"), acquired Allied Signal in 1999. As you are aware, Mr. Paulus had service with Allied Signal. He also had service with a division of Westinghouse, which Allied Signal acquired on August 16, 1992. During the period in which Mr. Paulus was employed by Allied Signal, Allied Signal completed multiple transactions and acquired liability for multiple defined benefit plans. When the Company acquired Allied Signal, it agreed to assume

6

benefit liabilities under the Plan, based on the calculations provided by Hewitt Associates, the Plan's actuary at that time.

The purpose of Hewitt Associates' calculations was to document the amount due to each participant and provide that data to the Company to support future pension payments. Because of the numerous and different transactions and the period of time that has elapsed since these transactions, the Company does not have the underlying data, including plan documents, interest rates and Social Security tables to recalculate Mr. Paulus' benefit over 13 years after the acquisition of Allied Signal.

Mr. Paulus received a copy of his final benefit calculation in approximately 1999 [over ten years ago]. Had Mr. Paulus asked the Company to review his pension calculation closer in time to the date of his termination, the Company would have been in a better position to obtain additional information.

Hewitt Associates is a reputable actuarial firm who based its calculations on what was presumably current and accurate data. We wish we could provide you with additional information. Since the Company does not have the underlying data of assumptions that Hewitt used to create the final benefit calculations, it is unable to recalculate Mr. Paulus' pension with accuracy. Accordingly, the Company cannot make an adjustment to Mr. Paulus' benefit.

AR 213.  Plaintiff filed suit in this court pursuant to ERISA on March 27, 2013.  Dkt. #1.


OPINION

Under § 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B), "[a] civil action may be brought . . . by a participant . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Defendant contends, however, that plaintiff's claim is barred by the statute of limitations because he waited at least 10 years to challenge the projected amount of his benefit after receiving a copy of the AlliedSignal workbook calculating his benefit amount.

7

Plaintiff argues initially that defendant waived this argument because it failed to assert the statute of limitations as a reason for its denial during the administrative process. Harlick v. Blue Shield of California, 686 F.3d 699, 719-20 (9th Cir. 2012) ("The general rule . . . in this circuit and in others, is that a court will not allow an ERISA plan administrator to assert a reason for denial of benefits that it had not given during the administrative process."); Halpin v. W.W. Grainger, Inc., 962 F.2d 685, 689 (7th Cir. 1992) (case law makes clear that regulations require plans to afford beneficiary an explanation of denial of benefits that is "adequate to ensure meaningful review"). Citing defendant's March 6, 2013 denial of his appeal, plaintiff argues that the only reason defendant provided for denying his claim was that it "does not have the underlying data, including plan documents, interest rates and Social Security tables to recalculate Mr. Paulus' benefit over 13 years after the acquisition of Allied Signal." However, as defendant points out, it went on to explain in the letter that

> Mr. Paulus received a copy of his final benefit calculation in approximately 1999 [over ten years ago]. Had Mr. Paulus asked the Company to review his pension calculation closer in time to the date of his termination, the Company would have been in a better position to obtain additional information.

Although defendant did not state specifically that plaintiff's claim was barred by the statute of limitations, it clearly put plaintiff on notice that he raised his claim too late. Other courts addressing this issue have found that a defendant in an ERISA action may raise an affirmative statute of limitations defense even if it did not raise the defense during the administrative process. Orndorf v. Paul Revere Life Insurance Co., 404 F.3d 510, 520 (1st Cir. 2005) (where challenge is not to merits of decision to deny benefits, evidence outside

8

administrative record may be relevant and admissible); <u>Upadhyay v. Aetna Life Insurance Co.</u>, 2014 WL 186709, *2 (N.D. Cal. Jan. 16, 2014) ("Because the Court is not reaching the merits of Aetna's decision to deny benefits, Aetna[] may raise these affirmative defenses even if they were not raised during the administrative process."); <u>Kunsman v. Conkright</u>, 2013 WL 5631027, *9 (W.D.N.Y. Oct. 16, 2013) ("One would hardly expect a plan administrator to assert a statutory defense applicable to judicial actions, in the context of an administrative claim.").  I agree with the reasoning in these cases and find that defendant did not waive its statute of limitations defense.

Because ERISA does not provide a statute of limitations for actions brought under § 502, courts must borrow the most analogous statute of limitations from state law.  <u>Young v. Verizon's Bell Atlantic Cash Balance Plan</u>, 615 F.3d 808, 815 (7th Cir. 2010).  Defendant contends, and plaintiff does not dispute, that Wisconsin's six-year statute of limitations for breach of a written contract, § 893.43, applies in this case.  <u>Doe v. Blue Cross & Blue Shield United of Wisconsin</u>, 112 F.3d 869, 873 (7th Cir. 1997); <u>Ruppert v. Alliant Energy Cash Balance Pension Plan</u>, 716 F. Supp. 2d 801, 820 (W.D. Wis. 2010).  The parties dispute the date on which plaintiff's ERISA claim started to run, which is a question governed by federal law.  <u>Thompson v. Retirement Plan for Employees of S.C. Johnson & Son, Inc.</u>, 651 F.3d 600, 604 (7th Cir. 2011).  Defendant contends that plaintiff's claim accrued from the date he received the AlliedSignal worksheet, whereas plaintiff argues that the limitations period did not begin to run until he began requesting a correction in his retirement benefits in 2011.

"The general federal common law rule is that an ERISA claim accrues when the plaintiff knows or should know of conduct that interferes with the plaintiff's ERISA rights." Id. (quoting Young, 615 F.3d at 817).  There must be "a clear and unequivocal repudiation of rights under the pension plan which has been made known to the beneficiary."  Young, 615 F.3d at 816 (quoting Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 66 (7th Cir. 1996)).  Plaintiff argues that the workbook was not a clear repudiation of his rights because the calculation was merely an estimate and did not explain the pension formula or what constituted "compensation" or "credited service."  In support, plaintiff cites Young, in which a claimant alleged that a plan calculated her benefit improperly.  Id. at 814. Although the defendant argued in Young that the plaintiff's claim accrued when she received her lump-sum benefit payment, the court determined that nothing about the plaintiff's lump sum pension would have alerted Young to the possibility that she was being underpaid.  Id. at 816.  The court found that Young did not receive a clear repudiation of her claim for additional benefits until defendant resolved her administrative appeal.  It was not until the administrative claim review process that the plan informed the claimant that it had rejected her interpretation of the plan.  Id.

As defendant points out, however, district courts in the Seventh Circuit have held that a claim accrues when a claimant receives a definite statement from a plan explaining his benefits.  Davis v. Retirement Plan of Phibro Animal Health Corp., 845 F. Supp. 2d 915, 929 (S.D. Ill. 2012) (claim accrued from plaintiff's receipt of summary plan descriptions and information in 1993 and not when defendant denied administrative review in 2009 because

10

notices were clear, accurate and identified changes in benefits); <u>Lofton v. Panasonic Pension Plan</u>, 2012 WL 6186595, *5 (N.D. Ill. Dec. 12, 2012) (claim accrued from letter detailing plaintiff's pension benefits and informing her that deduction had been made); <u>Simpson v. Blue Cross/Blue Shield of Illinois</u>, 2013 WL 5209128, *3 (S.D. Ill. Sept. 13, 2013) (plaintiff's claim accrued when she received letter indicating that deduction had been made from her pension fund).  Courts in other circuits have reached similar conclusions.  <u>See, e.g.</u>, <u>Pisciotta v. Teledyne Industries</u>, 91 F.3d 1326, 1332 (9th Cir. 1996) (receipt of summary plan descriptions explaining "freeze" in benefits was sufficient for claim to accrue because plaintiffs knew at time that amounts were frozen and would not be increased); <u>Union Pacific Railroad v. Beckham</u>, 138 F.3d 325 (8th Cir. 1998) (claims accrued when plaintiffs' employer acquired previous employer in 1988, and not years later when successor offered early retirement, because successor's refusal to count pre-acquisition employment as "credited service" was explained to plaintiffs in open meetings and written literature at time of acquisition).

Plaintiff attempts to distinguish these cases on the grounds that the claims in <u>Lofton</u> and <u>Simpson</u> accrued when the plaintiffs received an explanatory letter along with a lump sum payment and that the pension beneficiary in <u>Davis</u> had received at least three notices and a benefit statement stating that his pension would be frozen.  In this case, however, plaintiff was informed unequivocally by 2001 that his 1995 and 1996 bonuses and 2.15 years of service with Signal had not been factored into the AlliedSignal calculation.  Even though the workbook was marked "estimate only," it would have been clear to plaintiff that

defendant had not included what he believed to be compensable pay and credited service.

Cf. Thompson, 651 F.3d at 606 (plan participants' rights to future interest credits not clear given obscurity of right, only oblique guidance from plan and inclusion of most illuminating statements in informal Plan newsletters only and not in summary plan descriptions). Although plaintiff states that he had to examine the AlliedSignal workbook carefully to determine that he was being underpaid, he did not need any further information from defendant to reach the conclusion that he had not been credited with two bonuses and 2.15 years of service.  In fact, plaintiff relies on the very same workbook in the current litigation to support his claim for higher benefits.  Because plaintiff received the workbook at least by 2001 but did not challenge his benefit until 2011, I find that his ERISA claim is barred by the six-year statute of limitations applicable in this case.


ORDER

IT IS ORDERED that

1.  Defendant Isola USA Corp. Retirement Plan's motion to file a surreply brief, dkt. #28, is GRANTED;

2.  Plaintiff's motion for a trial on the administrative record under Fed. R. Civ. P. 52(a), dkt. #14, is GRANTED;

3.  Plaintiff's ERISA claim is DISMISSED as barred by the statute of limitations; and

    4.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

    Entered this 5th day of February, 2014.

<div style="margin-left:40%;">

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

</div>